1  RODRIGUEZ LAW GROUP, INC.
Patricia Rodriguez, Esq. SBN # 270639
2  1492 W. Colorado Blvd, Suite 120
Pasadena, CA 91105
3  Office: (626) 888-5206
Facsimile: (626) 282-0522
4
5  Attorney for Plaintiff,
Marsha Grigsby
6
7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9
10 MARSHA GRIGSBY, an individual,          Case No.  2:18-cv-03215-JAK-JC
11              Plaintiff                   SECOND AMENDED COMPLAINT FOR
                                            DAMAGES AND INJUNCTIVE RELIEF
                                            FOR:
       vs.
12                                          1.  14th Amendment Due Process Violation;
13 INGLEWOOD POLICE DEPARTMENT;             2.  Violation of Cal. Civ. Code Sec.789.3;
   CITY OF INGLEWOOD; HOLLYVALE             3.  Fraudulent Misrepresentation;
14 RENTAL HOLDINGS, LLC; OFFICER            4.  Negligent Misrepresentation
   FERNANDEZ in his individual and official
15 capacity, and DOES 1 through 10 inclusive,
16
17
             Defendants.
18                                          (DEMAND FOR JURY TRIAL)
19
20
21
22
23
24
25
26         COMES NOW Plaintiff MARSHA GRIGSBY (hereinafter "Plaintiff"), by and through
27 her attorney of record, hereby allege the following based on her personal knowledge and belief:
28

                                          1
                              SECOND AMENDED COMPLAINT

## I.   INTRODUCTION

1.   This is a civil rights action to secure the protection and redress the deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985.

## II.   JURISDICTION AND VENUE

2.   This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983, based upon ongoing violations by the defendants of the rights secured to Plaintiff by the Fourteenth Amendment of the United States Constitution. Jurisdiction exists based on 28 U.S.C. §§ 1331 and 1343 in that this case is brought pursuant to 42 U.S.C. § 1983 and raises questions of federal constitutional law under the Fourteenth Amendment. The court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in the Central District in that the events and conduct complained of in this action occurred in the Central District.

## III.   PARTIES

4.   Plaintiff is a natural person residing in Los Angeles, California.

5.   Upon information and belief, Defendant **Inglewood Police Department** is a municipal entity organized under the laws of the State of California. The City is a legal entity with the capacity to sue and be sued. The departments of the City of Inglewood include the Inglewood Police Department, employees of which engaged in acts constituting the violations of plaintiffs' rights alleged in this action.

6.   Upon information and belief, Defendant **City of Inglewood** is a municipal entity organized under the laws of the State of California. The City is a legal entity with the capacity to sue and be sued. The City of Inglewood include the employees of which engaged in acts constituting the violations of Plaintiff's rights alleged in this action.

SECOND AMENDED COMPLAINT

7.  ~~Upon information and belief, Defendant **Hollyvale Rental Holdings, LLC** is a California limited liability company.~~ Hollyavale is purporting themselves to be the new owner of the building and new owner of Plaintiff's property.

8.  ~~Upon information and belief, Defendant **Officer Fernandez, #925** is an officer with the Inglewood Police Department, and is sued in his individual and official capacity. He continues to be an officer for the Inglewood Police Department at all relevant times in this complaint.~~

9.  ~~The identities and capacities of defendants DOES 1 through 10 are unknown to plaintiff. Plaintiff, therefore, sue these defendants by fictitious names. As to all defendants sued by fictitious names, plaintiffs will give notice of this complaint and their true names and capacities when ascertained. Plaintiff is informed, believe, and thereon allege that DOES 1 through 10 are, and were at all times relevant herein, other corporate or business entities, agents, successors in interest, assigns, representatives, principals and/or employees of the defendants and are responsible for the acts and omissions resulting in the violations alleged in this complaint. Defendants DOES 1 through 10 are sued in both their official and individual capacities.~~

10. ~~Each of the defendants acted as joint actors with joint obligations, and each defendant was and is responsible for the conduct and injuries herein alleged.~~

11. ~~Each of the defendants acted, alone or together jointly, under color of law.~~

## ~~STATEMENT OF FACTS~~

12. In 2011, Plaintiff moved into 558 East Hyde Park. Blvd., #2, Los Angeles, CA 90302 with her family renting from the owner at that time, Ivery Walters.

13. In 2015, Mr. Walters needed money for building repairs and improvements because of a storm that caused damages to the property so Plaintiff agreed to help with repairs to multiple units, which included a new roof, appliances, floors, and other remodeling projects.

3

SECOND AMENDED COMPLAINT

14.     After becoming aware of the legal issues related to the property, Plaintiff sought the assistance of an attorney on or around January 12, 2018.

15.     Later in the month of January all units received a 90-day notice taped to the door.

16.     After returning home on vacation on Monday, February 19, 2018, Plaintiff returned home to find that her locks had been changed on her window offering her money to vacate.

17.     Plaintiff later removed the locks and entered her property. Plaintiff had noticed that some of her things had been moved outside.

18.     On February 21, 2018, while away from home, Plaintiff there were big men at the door trying to break it down her door down.

19.     Plaintiff rushed home to find Inglewood Police and a representative of Hollyvale at her doorsteps.

20.     Plaintiff showed Officer Fernandez her upcoming court date and her lease, however despite this, Officer Fernandez instructed Plaintiff and those residing with Plaintiff must leave and never return.

21.     ~~Plaintiff called her attorney and her attorney talked to the officer present at the time known as Officer Fernandez #925. Plaintiff's attorney informed him this was a civil matter, that Plaintiff is in possession, and until there is a writ of possession and notice to vacate evicting Plaintiff is not legal.~~

22.     ~~Plaintiff explained to the Officer Fernandez, #925 that Hollyvale Rental Holdings, LLC had no right to remove her from the premises because the unlawful detainer proceedings were still pending as well as federal law suit in the Central District Court of California. Defendant showed the Officer a copy of her demurrer hearing which reflected pending to be heard on March 07, 2018.~~

23.     ~~Officer Fernandez #925, talked to the representative for Hollyvale Rental Holdings, LLC and asked why they couldn't wait until the outcome of the proceedings and the representative for Hollyvale Rental Holdings, LLC stated that because they would have to wait 90 days or more to get possession. The Officer then informed Plaintiff that since Hollyvale Rental Holdings, LLC could not wait for the outcome of the court proceedings that~~

4

SECOND AMENDED COMPLAINT

Plaintiff and her in-laws must leave the premises and not return. Plaintiff was then required to get her belongings she could carry out with her and not return. Plaintiff left all her furniture and belongings in the property, including her bed, etc. Additionally, while all this was going on the representative for Hollyvale Rental Holdings, LLC keyed Plaintiff's car which was also reported to the Inglewood Police Department.

### ~~FIRST CAUSE OF ACTION~~
### ~~(14TH AMENDMENT DUE PROCESS VIOLATION)~~
(OFFICER FERNANDEZ)

24.   ~~Plaintiff incorporates by references the allegations of paragraphs~~ 1 through 23 ~~above as though set forth herein.~~

25.   ~~On or about February 21, 2018, Defendant Officer Fernandez #925, while acting under the color of State law, intentionally and unlawfully violated Plaintiff's 14th Amendment Right to Due Process when he~~ **ordered Plaintiff to vacate premises without her having her right to be heard in court.** ~~See *Flatford v. City of Monroe 794 F. Supp. 22* "the court finds that defendants evicted plaintiffs from their home without prior notice and an opportunity to be heard in violation of their due process rights. In addition, defendants have failed to establish that there existed any "extraordinary situations" that would justify even postponing notice and opportunity for a hearing. Fuentes, 407 U.S. at 90, 92 S.Ct. at 1999. Re-cited in *Pagtakhan v. Doe* 2014 WL 2083041, the court stated the Fourteenth Amendment's due process clause generally requires notice and a hearing prior to a governmental deprivation of a person's property. In some extraordinary situations, such as a seizure of property pursuant to a search warrant, the notice and opportunity to be heard may be postponed until after the seizure of property."~~

26.   ~~The acts alleged in paragraphs 1 through 23 deprived Plaintiff of her right to by evicting her from her *home without prior notice and an opportunity to be heard in violation of the Fourteenth* Amendment to the Constitution of the United States, and actionable under 42 U.S.C. § 1983. The relevant law was clearly established at the time the Defendant Fernandez #925 violated Plaintiffs' rights.~~

5

27. ~~As a proximate result of the acts alleged in paragraphs 1 through 19, Plaintiff suffered actual harm in the form of physical injury, deprivation of property and liberty, severe emotional distress, which is ongoing and financial hardship, entitling each of them to damages in an amount to be proven at trial.~~

## SECOND CAUSE OF ACTION
### (VIOLATION OF CAL CIV CODE 789.3)
(AGAINST HOLLYVALE)

28. ~~Plaintiff alleges and incorporates the allegations~~ contained in all paragraphs of this complaint, as though fully set forth herein.

29. In the matter at hand, Defendant Hollyvale posted a 90 day-notice to vacate, in later January 2018. However, despite this notice and despite Plaintiff having a pending civil action concerning this property, Hollyvale, the new alleged owner at the time, evicted Plaintiff with the help of officer Fernandez.

30. Hollyvale posted a 90-day notice in late January only to change Plaintiff's locks and evict Plaintiff and her family on February 21, 2018.

31. This eviction was done wrongfully as the 90-day period had not elapsed and Plaintiff was currently in a pending civil matter concerning ownership of the subject property.

32. Defendant Hollyvale intentionally and unlawfully violated Plaintiff's right to be heard in court in the unlawful detainer proceeding before illegally removing Plaintiff from the premises.

33. ~~California does not permit any landlord to evict tenants without the tenant's right to be heard in court and a judgment.~~

34. ~~Pursuant to California Civil Code, Section 789.3:~~
~~"(a) A landlord shall not with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his residence willfully cause, directly or indirectly, the interruption or termination of any utility service furnished the tenant, including, but not limited to, water, heat,~~

6

SECOND AMENDED COMPLAINT

light, electricity, gas, telephone, elevator, or refrigeration, whether or not the utility service is under the control of the landlord.

(b) In addition, a landlord shall not, with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his or her residence, willfully:

(1) Prevent the tenant from gaining reasonable access to the property by changing the locks or using a boot-lock or by any other similar method or device"

35. The acts alleged in all paragraphs deprived Plaintiff of her rights, by evicting her from her home without prior notice and an opportunity to be heard in violation of the Fourteenth Amendment to the Constitution of the United States, and actionable under CCCP Sec.789.3.

36. As a proximate result of the acts alleged in paragraphs 1 through 33, Plaintiff suffered actual harm in the form of physical injury, deprivation of property and liberty, severe emotional distress, which is ongoing and financial hardship, entitling each of them to damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
(AGAINST HOLLYVALE)

37. Plaintiff re-alleges and incorporates the allegations contained in all paragraphs of this complaint, as though fully set forth herein.

38. Fraudulently Evicting Plaintiff: Defendants, and each of them, made various fraudulent and intentional misrepresentations of fact, including but not limited to the following: Defendant HOLLYVALE RENTAL HOLDINGS, LLC could not wait for the outcome of the court proceedings, Plaintiff and her in-laws must leave the premises and not return. Plaintiff was then required to get her belongings she could carry out with her and not return.

39. Defendants represented to Plaintiff that they must leave the premises and had no right to be on the premises when in fact they had a legal right to be on the premises.

40. Knowledge of Falsity: At the time Defendants made the aforementioned misrepresentations, they knew they were false and were made solely to induce reliance upon them by Plaintiff.

7

SECOND AMENDED COMPLAINT

41.   ~~Intent to Deceive: The aforementioned misrepresentations were made with the intent to deceive Plaintiff and deceive Plaintiff into believing she had no right to be on her own property.~~

42.   ~~Reliance: Plaintiff reasonably relied on the above-referenced fraudulent misrepresentations made by Defendants as she vacated the property~~

43.   ~~Damages: As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff has been prejudiced, have suffered, and will continue to suffer, general and special damages including being subjected to the foreclosure process, suffering wrongful foreclosure, and all related attorney's fees and costs in defending such action, loss of equity in the Subject Property, loss of the Subject Property, costs and expenses related to protecting themselves, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs including, without limitation, attorney's fees and costs, all in an amount according to proof at the time of trial.~~

**FOURTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
(AGAINS HOLLYVALE)

44.   ~~Plaintiff re-alleges and incorporates the allegations contained in all paragraphs of this complaint, as though fully set forth herein.~~

45.   ~~Defendants, and each of them, made various fraudulent and negligent misrepresentations of fact, including but not limited to the following: Defendant HOLLYVALE RENTAL HOLDINGS, LLC could not wait for the outcome of the court proceedings, Plaintiff and her in-laws must leave the premises and not return. Plaintiff was then required to get her belongings she could carry out with her and not return.~~

46.   ~~Defendants represented to Plaintiff that they must leave the premises and had no right to be on the premises when in fact they had a legal right to be on the premises.~~

47.   ~~No Reasonable Ground for Believing the Misrepresentations to Be True: At the time Defendants made the aforementioned misrepresentations, Defendants knew or should have~~

8

SECOND AMENDED COMPLAINT

1   known they were false as the unlawful detainer had not been completed, and Defendants had

2   no paperwork that could be shown they had a lawful right to evict Plaintiff

3   48. Intent that Plaintiffs Rely: The aforementioned misrepresentations regarding the fraudulent

4   right to evict Plaintiff and take over physical possession as discussed in detail hereinabove

5   were made with the intent that Plaintiff rely on such misrepresentations, in order to vacate

6   her property

7   49. Damages: As a direct and proximate result of Defendants' negligent misrepresentations,

8   Plaintiff has been prejudiced, has suffered, and will continue to suffer, general and special

9   damages including being subjected to the foreclosure process, costs and expenses related to

10  protecting herself, reduced credit scores, unavailability of credit, increased costs of credit,

11  reduced availability of goods and services tied to credit ratings, increased costs of those

12  services, as well as interest, fees and costs including, without limitation, attorney's fees and

13  costs, all in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every

Defendant herein:

a. Compensatory and exemplary damages in an amount according to proof and which is
   fair, just and reasonable;

b. Punitive damages under 42 USC 1983 in an amount according to proof which is fair,
   just, and reasonable;

c. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC
   1983 and 1988;

Dated: November 20, 2018                    RODRIGUEZ LAW GROUP, INC.

                                            _/s/ Patricia Rodriguez_____
                                            Patricia Rodriguez, Esq.
                                            Attorney for Plaintiff
                                            Marsha Grigsby

9

SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Alhambra, California: my business address is RODRIGUEZ LAW GROUP, INC., 1492 W. Colorado Blvd. Suite 120, Pasadena, California 91105.

On the date below, I served a copy of the foregoing document entitled

## SECOND AMENDED COMPLAINT

On the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

George L Mallory , Jr
George Mallory Jr & Associates
1925 Century Park East Suite 2000
Los Angeles, CA 90067-2701
310-788-5555
Email: gmallory@mallorylaw.com

Amelia Valenzuela
avalenzuela@wedgewood-inc.com
Elaine Yang
eyang@wedgewood-inc.com
Julie Ann Choi
jchoi@wedgewood-inc.com
Wedgewood Inc
2015 Manhattan Beach Boulevard
Redondo Beach, CA 90278
310-640-3070 x 2821
Fax: 310-730-5967

I hereby certify that I electronically filed the foregoing with the United States District Court, Central District of California using the appellate CM/ECF system on November 20, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made. This declaration is executed in Pasadena, California on November 21, 2018.

/s/ *Patricia Rodriguez*_____
By: Patricia Rodriguez, Esq.

10

SECOND AMENDED COMPLAINT